# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2873

_____

Santresa Scoggins,                 *
                                       *

         Appellant,         *

                                         *    Appeal from the United States
     v.                            *    District Court for the
                                         *    Eastern District of Arkansas.

Bank of America, N.A.,        *

                                         *    [UNPUBLISHED]

         Appellee.          *

_____

Submitted: March 1, 2012
Filed: March 6, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Santresa Scoggins appeals the district court's[1] adverse grant of summary judgment in her employment-discrimination action against her former employer, Bank of America, N.A. (Bank of America). Upon careful de novo review, see Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (summary judgment standard of review), we find no basis for reversal. We agree with the district court that Bank of America proffered a legitimate, non-discriminatory reason for Scoggins's termination, and that Scoggins failed to establish a genuine issue of material fact

___

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

under any theory of liability.  See Twymon v. Wells Fargo & Co., 462 F.3d 925, 934-35 (8th Cir. 2006) (facially race-neutral statements, without more, do not demonstrate racial animus on part of speaker; in absence of direct evidence court applies burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); once plaintiff establishes prima facie case and employer articulates legitimate, non-discriminatory reason for termination, employee must demonstrate by preponderance of evidence that stated reason was pretext for unlawful discrimination; this court has consistently held that violating company policy is legitimate, non-discriminatory rationale for terminating employee); see also McCullough v. Univ. of Ark. for Med. Scis., 559 F.3d 855, 860 (8th Cir. 2009) (claims under Title VII and Arkansas Civil Rights Act are governed by same standards); cf. Barber v. C1 Truck Driver Training, LLC, 656 F.3d 782, 798 (8th Cir. 2011) (noting that Title VII does not set forth general civility code).

Accordingly, we affirm the judgment of the district court.  See 8th Cir. R. 47B.

_____